FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 17, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JASON V.,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>ACTING COMMISSIONER OF<br>SOCIAL SECURITY,[1]<br><br>Defendant. | No. 2:20-cv-00339-SMJ<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS** |

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 20, 21. Attorney Jeffrey Schwab represents Jason V. (Plaintiff); Special Assistant United States Attorney Jeffrey Staples represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court grants in part Plaintiff's Motion for Summary

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 1

Judgment, denies Defendant's Motion for Summary Judgment, and remands the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on October 18, 2017, alleging disability since August 8, 2017,[2] due to psychological problems, broken and shattered bones, spine out, learning problems, and torn ligament. Tr. 74-75. The application was denied initially and upon reconsideration. Tr. 114-17, 118-20. An Administrative Law Judge (ALJ) held a hearing on October 8, 2019, Tr. 34-72, and issued an unfavorable decision on November 6, 2019. Tr. 18-28. Plaintiff requested review of the ALJ's decision by the Appeals Council and the Appeals Council denied the request for review on July 23, 2020. Tr. 1-6. The ALJ's November 2019 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 22, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1986 and was 31 years old when he filed his application. Tr. 74. He had a difficult childhood with considerable abuse and neglect. Tr. 383,

---

[2] At the hearing Plaintiff amended his alleged onset date to the protected filing date of October 18, 2017. Tr. 37-38.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 2

470. He was in special education until he dropped out of high school and did not complete his GED. Tr. 471, 481. He has held a series of short-term jobs, occasionally working with the assistance of family members. Tr. 235, 471. In January 2016, he was in a motor vehicle accident and hit his head on the windshield of a car. Tr. 357. Several months after the accident, he experienced a number of additional life stressors and began to develop symptoms of depression, anxiety, mood dysregulation, and cognitive deficits. Tr. 382-83, 389. He has received mental health treatment, along with treatment for various emergent physical issues.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational

interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*,

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 4

359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On November 6, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 18-28.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 20.

At step two, the ALJ determined Plaintiff had the following severe impairments: obesity, obstructive sleep apnea, neurocognitive disorder, depressive disorder, posttraumatic stress disorder, intermittent explosive disorder, and anxiety disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 20-22.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform a range of light work, with the following limitations:

> He is capable of engaging in unskilled, repetitive routine tasks in two hour increments; he is limited to no contact with the public; he is capable of working in proximity to but not in coordination with coworkers; he is limited to occasional contact with supervisors; he will be 5% less productive than the average worker in the workplace; and will be absent from work six times per year.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 5

Tr. 22.

At step four, the ALJ found Plaintiff was unable to perform his past relevant work as an agricultural produce sorter, fast food worker, cook helper, stock clerk, industrial cleaner, concrete/rubber patcher, or reinforcing metal worker. Tr. 26-27.

At step five the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, Plaintiff could perform jobs that existed in significant numbers in the national economy, specifically identifying the representative occupations of cleaner housekeeping, marking clerk, and tagger. Tr. 27-28.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision. Tr. 28.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by (1) finding Plaintiff's conditions did not meet or equal Listing 12.05B; and (2) failing to conduct an adequate analysis at step five by not including all necessary limitations in the RFC.

**DISCUSSION**

**1.    Medical Opinions**

Plaintiff argues the ALJ erred in formulating an RFC that did not include limitations from Drs. Breedlove and Wachsmuth. ECF No. 20 at 14-19.[3]

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 416.920c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important

---

[3] Plaintiff does not phrase his argument as a specific challenge to the ALJ's rejection of the doctors' opinions, but for clarity's sake the Court will treat it as such.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 7

factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

(1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c). The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

### a.    *Dr. Breedlove*

Plaintiff attended a consultative psychological exam with Dr. Dominika Breedlove in May 2018. Tr. 469-76. Dr. Breedlove administered a clinical interview

and a battery of tests and diagnosed Plaintiff with major depressive disorder (rule out with psychotic features), posttraumatic stress disorder, unspecified neurocognitive disorder, and substance use disorder in sustained full remission. Tr. 475. She opined Plaintiff's conditions were complex and cumulative in nature, and collectively contributed to a marked difficulty in functioning, with a moderate to severe difficulty in most work-related activities, including understanding, remembering, and persisting in tasks; interacting appropriately with coworkers and supervisors; managing work-related stress; maintaining a schedule and regular attendance; and completing a workday without interruptions from psychologically-based symptoms. Tr. 476. Dr. Breedlove found Plaintiff's prognosis to be very uncertain, generally assessed as guarded to poor, and opined that if his symptoms could be stabilized, he would be best suited to work independently in a low-skill, low-stress, routine job, starting part-time to maximize his opportunity to be successful. *Id.*

The ALJ found this opinion was unpersuasive. Tr. 25. He reasoned that the assessment was inconsistent with Plaintiff's ability to have previously performed skilled work, even with the assistance of his brothers, and that this ability contradicted both Plaintiff's and Dr. Breedlove's opinions about mental impairments interfering with the performance of work. *Id.*

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff argues the ALJ erred in failing to include greater limitations in the RFC, as opined by Dr. Breedlove. ECF No. 20 at 16-17. He asserts there was objective evidence supporting the limitations and that no other similar objective testing contradicted the test results. *Id.* Defendant argues the ALJ reasonably considered the evidence and found it insufficient to establish any additional limitations for any continuous 12-month period, and notes Plaintiff failed to acknowledge the revised rules for evaluating medical evidence. ECF No. 21 at 6-11.

The Court finds the ALJ's analysis is insufficient. The only rationale the ALJ provided for the persuasiveness of Dr. Breedlove's opinion was that it was contradicted by Plaintiff's ability to work prior to his alleged onset date. Tr. 25. This rationale does not explain why Dr. Breedlove's opinion was not reliable months after Plaintiff stopped working. While the record documents Plaintiff's long-standing issues in various areas of cognitive and emotional functioning given his history of abuse and head trauma, the record also indicates Plaintiff experienced a decline in his cognitive abilities and mental health throughout 2016 and 2017, eventually leading him to leave his job. Tr. 373, 382-83, 387-89, 448-49, 470-71. The fact that he was able to work prior to the time when he alleged he became disabled does not detract from Dr. Breedlove's assessment in May 2018.

Additionally, the ALJ did not discuss the supportability factor. The Court finds the ALJ failed to adequately discuss the factors of consistency and

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 10

supportability in a manner supported by substantial evidence. On remand the ALJ will reconsider Dr. Breedlove's opinion.

**b.      *Dr. Wendi Wachsmuth***

In November 2017 Plaintiff attended a consultative psychological exam with Dr. Wendi Wachsmuth. Tr. 333-36. Dr. Wachsmuth diagnosed Plaintiff with unspecified neurocognitive disorder, with resulting difficulty in working memory, emotional lability, low frustration tolerance, and other symptoms of depression. Tr. 334. She opined Plaintiff had marked impairment in handling detailed instructions, learning new tasks, and adapting to changes in a routine work setting, and was overall moderately impaired. Tr. 334-35.

The ALJ found this opinion persuasive and included limitations in the RFC to account for cognitive and social deficits, but noted that Dr. Wachsmuth limited the duration of impairment to six months. Tr. 25. Plaintiff argues the ALJ erred in failing to include further limitations in the RFC to account for Dr. Wachsmuth's opinion and accompanying test results. ECF No. 20 at 14-19. Because this claim is being remanded for further proceedings, the ALJ shall reconsider all opinion evidence, and evaluate the persuasiveness under the revised rules for assessing medical opinion evidence.

//

//

**2.     Step Three**

Plaintiff argues the ALJ erred in failing to find Plaintiff disabled under Listing 12.05B for intellectual disorder. ECF No. 20 at 6-14.

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. § 404.1520(d).

Listing 12.05B requires a showing of:

1. Significantly subaverage general intellectual functioning evidenced by a or b:
    a. A full scale (or comparable) IQ score of 70 or below on an individually administered standardized test of general intelligence; or
    b. A full scale (or comparable) IQ score of 71-75 accompanied by a verbal or performance IQ score (or comparable part score) of 70 or below on an individually administered standardized test of general intelligence; and

2. Significant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:

    a. Understand, remember, or apply information (see 12.00E1); or
    b. Interact with others (see 12.00E2); or

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 12

        c. Concentrate,   persist,   or   maintain   pace (see 12.00E3); or

        d. Adapt or manage oneself (see 12.00E4); and

3. The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to your attainment of age 22.

20 C.F.R. Part 404, Subpart P, Appendix 1, §12.05.

The ALJ did not specifically address Listing 12.05, though he did address the Paragraph B criteria in assessing other mental listings, and found Plaintiff did not have more than a moderate limitation in any of the categories. Tr. 21-22.

Plaintiff argues the listing is met based on IQ testing showing a full-scale IQ of 66, along with evidence of greater impairment in understanding, remembering, and applying information and concentration, persistence, and pace, as noted in the findings from Drs. Breedlove and Wachsmuth. ECF No. 20 at 7-13. He further argues that the record supports a finding of onset prior to age 22 based on his receiving special education classes when in school. *Id.* Defendant concedes that elements 1 and 3 of Listing 12.05B are met, but argues the ALJ made sufficient findings regarding the Paragraph B criteria and asserts Plaintiff simply offers an alternative interpretation of the evidence, which does not establish legal error. ECF No. 21 at 2-5.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Because this claim is being remanded for further consideration of the medical opinion evidence, the ALJ shall also make findings on each of the five steps of the sequential evaluation process, including step three.

**CONCLUSION**

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits, or alternatively a psychological medical expert and further development of the record, including Plaintiff's school records. Under Ninth Circuit caselaw, the Court had the discretion to remand a case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The commentary accompanying the 2017 revisions to the rules for assessing medical opinions made clear that "it is never appropriate under our rules to 'credit-as-true' any medical opinion" and specifically mentioned that the Ninth Circuit rules were not being adopted in the new regulations. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, Fed Reg. Vol 82, No. 11 5858-60 (Jan 18, 2017). The Court therefore finds that remand for further proceedings is the appropriate remedy.

The ALJ's decision is not supported by substantial evidence. On remand, the ALJ shall reevaluate the medical evidence of record, making findings on each of the five steps of the sequential evaluation process, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 14

Accordingly, **IT IS ORDERED:**

1.    Plaintiff's Motion for Summary Judgment, **ECF No. 20**, is **GRANTED IN PART**.

2.    Defendant's Motion for Summary Judgment, **ECF No. 21**, is **DENIED**.

3.    The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.    The Clerk's Office is directed to **ENTER JUDGMENT** and **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 17th day of August 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 15